IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CAUSE NUMBER 4:22CR37

JAMES LAWRENCE FREEMAN

### ORDER

This matter is before the Court by *pro se* motion of James Lawrence Freeman to reduce his sentence pursuant to 18 U.S.C.A. § 3583(e) ("Modification of conditions or revocations"). The Government has responded to the motion and the Court is now prepared to rule.

### PROCEDURAL HISTORY

On March 14, 2022, Freeman pled guilty to conspiracy to violate the Lacey Act. The charges arose out of the illegal harvest and sale of paddlefish and their roe across state lines. The Court originally sentenced Freeman on September 15, 2022 to serve six months in custody of the United States Bureau of Prisons and a term of three years supervision upon release. One of the Special Conditions of Supervision was as follows:

> The defendant shall be prohibited from obtaining or renewing any license, permit, or other certificate that would entitle the defendant to fish for a period of five (5) years. Any current license allowing the defendant to fish is hereby suspended for a period of five (5) years and the defendant shall surrender any such license.

Following his conviction, The Government filed a motion for reduction of sentence. In considering the motion, the Court noted that the original sentence "was imposed due to the cruel and barbaric treatment which the defendant inflicted upon defenseless animals." Nevertheless, this Court granted a reduction under seal, and the special condition prohibiting Freeman from obtaining a fishing license was amended from a term of five years to a term of thirty months.

1

On July 3, 2023, Freemen filed the instant motion seeking further modification of the special condition. Specifically, the defendant asks this Court to allow him "to gain his recreational fishing rights upon release from prison." [34] at 7.

## **DISCUSSION**

Under 18 U.S.C. § 3583(e)(2)[1], the Court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." To do so, the court considers the factors set forth in 18 U.S.C. § 3553(a).[2]

The first factor the Court considers is the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C.A. § 3553(a)(1). As noted above, the Court has previously described Freeman's conduct in this case as cruel and barbaric, but Freeman claims in his motion that such practices are generally accepted. In support, he attached an article on caviar harvesting to his motion. The article explains techniques that are typically used when harvesting roe. Although killing the fish is required when following the "classic caviar harvesting method," it is to be done quickly while the fish is unconscious. [34] at 11-12. Furthermore, the article states that the egg sacks should be cleaned, and the remainder of the fish set aside to be harvested for meat, skin, and useful by-products. *Id.* However, Freeman did not follow the very techniques set out in the article he submitted. Instead, Freeman would sometimes "strip" the fish for the roe- a practice in which he would cut the egg sack out of the live fish and release her to swim away, slowly dying. [29] at 20-21. Other times, Freeman would tie the fish by their tails to the bank and leave them struggling for days until he was ready to travel back to Kentucky where he would

---

[1] Freeman's motion "requests this Honorable Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce and/or amend the Special Condition of Supervision number 4." [34] at 2. The cited statute governs modification of an imposed term of imprisonment. Since Freeman seeks modification of a condition, his motion will be evaluated pursuant to 18 U.S.C. § 3583(e), which controls modification of conditions or revocations.

[2] This court will not address the 18 U.S.C.A. § 3582(c)(1)(A) factors Freeman set out in his motion for compassionate release (such as the exhaustion of administrative remedies and extraordinary and compelling reasons) but only the relevant factors set forth in 18 U.S.C. § 3553(a).

ultimately harvest the roe. [29] at 20. To provide context, these paddlefish were very large fish. Typically, paddlefish get to 36 inches in length before maturity. [29] at 11. It also must be noted that these fish do not reach sexual maturity until they are around 5 years of age and then only produce eggs every other year, hence the need to protect them. [29] at 9. Finally, paddlefish roe is difficult to distinguish from sturgeon roe. To be true caviar, the roe must come from a sturgeon. In the United States, any salted-cured fish roe can be labeled as caviar while the rest of the world defines "caviar" as roe that is solely from sturgeons. [34] at 10. Hence the value of the contraband in this case. This was a business proposition, albeit on the black market. Further, the careful reader will discern that the very practices followed elsewhere, that being slitting the belly of the sturgeon to remove the roe, and letting her die, lead to endangerment of these populations, making the market for paddlefish roe even more lucrative. This factor weighs against a sentence reduction.

Next, the Court considers "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). This Court believes that respect for these paddlefish and the laws which protect them should not be taken lightly and that brutal acts such as these are serious offenses. The Court also notes that Freeman has been an avid outdoorsman his whole life and, as an ethical sportsman, should be aware of these laws and their importance.

To the contrary, Freeman exhibited a spirit of knowing wrongdoing and criminal intent through a series of text messages and Snapchat conversations with a codefendant:

> **[I]t'll be a fucking raping. Already got motel. It's a black town and law is not around.**

Freeman sent another text to the codefendant stating:

> **I've been doing a lot of fucking research. I have to build some more secret shit in my boat.**

3

Messages from Case File, ROI 59 Attachment 1 at 37. These texts speak for themselves. This Court believes that the sentence Freeman received reflects the seriousness of his offense, promotes respect for the law, and is just punishment for the offense and therefore this factor weighs against a sentence reduction.

Another factor the Court may consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Freeman complains that his codefendant, who had a criminal history, was sentenced to a significantly less severe punishment and did not have his fishing rights restricted. This Court believes that communications between Freeman and this codefendant show that while they were convicted of similar crimes, Freeman was the "ringleader" in this criminal scheme. Additionally, the codefendant was not sentenced by this Court. Even so, this one factor is not dispositive, and this Court believes this factor neither weighs in favor or against a sentence reduction.

After considering all the factors, this Court believes that a further reduction of special condition number four is not warranted, and Freeman's motion is **DENIED**.

**SO ORDERED** this the 11th day of April, 2024.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

4